William C. Hecht, Jb., J.
Defendant, Firestone Tire & Rubber -Co., moves for dismissal for legal insufficiency of each of the four causes as to it or, in the alternative, for an order requiring the plaintiff to set forth four separately numbered causes against each of the four defendants. The infant plaintiff was operating a tractor having a tractor tire manufactured by the moving defendant without knowledge that it was dangerous and not of merchantable quality, which fact was known to the defendants. As to the moving defendant it is alleged, in addition, that the tire was defective or unsafe, dangerously and carelessly designed, inherently dangerous, that defendant failed to see to it that the tractor tire was fit and reasonably safe for its intended use, failed to make proper tests or to warn purchasers of the condition of the tire and of the danger inherent therein and in its use.
The general rule of liability of the maker to the remote user rests on the existence of a latent defect or danger unknown to the user and in such circumstances that the maker foresaw or should reasonably have foreseen a danger to the user. On the other hand, the maker of a tractor tire, knowing its ultimate intended use in an assembled end product must use reasonable care and skill in designing the tire for safety in all foreseeable uses.
As stated in Boerio v. H A 155 Motor Trucking Co. (7 A D 2d 228, 231): “ Generally, one who supplies dangerous or defective equipment is responsible for the consequences that are foreseeable and proximately related. If another, using that equipment, is contributorily negligent and injury results, the *677 supplier is nonetheless guilty of negligence. His wrongful act is not obliterated by the negligence of the user.”
Liability is also imposed upon failure to use ordinary and customary methods to detect defects from which danger is foreseeable (Smith v. Peerless Glass Co., 259 N. Y. 292). The maker is likewise liable upon breach of warranty in such circumstances unless the intervening handlers through whom the object eventually passed and was sold to the user had knowledge of the inherent danger. The plaintiff alleges that the codefendants Jl did have such knowledge and, accordingly, the third and fourth? causes in warranty as against the moving defendant are? insufficient. j
Apparently plaintiff complains of defect in the tractor body as well as in the tire. Joint contributors to the happening of the accident may be joined in a single action. It appears further to be the claim of the plaintiffs that the tire defect triggered the accident, activated the body defect, and brought about the collapse. The alleged negligence of the several parties is thus integrated as a single chain and producing cause of the final result.
The motion is granted dismissing the third and fourth causes of action and it is otherwise denied, with leave to plaintiff to serve an amended complaint within 20 days after service of a copy of this order, with notice of entry.